UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MILPITAS VISTAS, LLC, et al.,<br><br>　　　　Defendants. | Case No.  21-cv-05768-SVK<br><br>**ORDER DENYING EX PARTE APPLICATION TO PERMIT SERVICE BY DELIVERY TO CALIFORNIA SECRETARY OF STATE**<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 14 |

Plaintiff filed this action on July 28, 2021, naming Milpitas Vistas, LLC and Beyond Cars LLC as defendants. Dkt. 1. Under General Order 56, a plaintiff in an ADA case who is unable to complete service on all defendants within 60 days may, prior to the expiration of that period, file a Motion for Administrative Relief requesting an extension of that deadline. General Order 56 ¶ 1.

On September 27, 2021, Plaintiff timely filed an administrative motion for a 90-day extension of time to complete service on defendant Beyond Cars. Dkt. 8. On September 28, 2021, the Court denied in part and granted in part Plaintiff's motion. Dkt. 9. The Court set a deadline of October 28, 2021 to complete service on Beyond Cars and stated that "[n]o further extensions will be granted without an explicit showing of good cause supported by facts specific to the case." *Id.*

Now before the Court is Plaintiff's ex parte application for an order authorizing service of Beyond Cars by delivery to the California Secretary of State. Dkt. 14. The ex parte application notes that Plaintiff had previously sought an extension to continue attempts to serve Beyond Cars (although the application nonsensically cites "Dkt. No. 27" for this point.). Dkt. 14-1 at 3. However, Plaintiff fails to acknowledge the October 27, 2021 deadline set by the Court or the Court's warning that further extensions would require an explicit showing of good cause. *Id.* Indeed, the declaration submitted in

support of the present ex parte application does not describe *any* attempts to serve Beyond Cars between the date of the Court's prior order on September 28, 2021 and January 24, 2022. Dkt. 14-2. Under these circumstances, Plaintiff has failed to show good cause for an additional extension of time to serve Beyond Cars, and the ex parte application is **DENIED.**

In addition, the record reflects that Plaintiff failed to serve the second defendant, Milpitas Vistas, until February 5, 2022. Dkt. 10. This was *more than six months* after the complaint was filed. Plaintiff never sought or received an extension of the deadline for service of Milpitas Vistas as set forth in General Order 56. Moreover, the Clerk's Office denied Plaintiff's request for entry of default as to Milpitas Vistas on March 14, 2022, and Plaintiff has made no effort to address the service defect identified by the Clerk's Office. Dkt. 13.

Accordingly, Plaintiff shall appear on **May 24, 2022 at 1:30 p.m.** and show cause, if any, why the case should not be dismissed as to all defendants for failure to prosecute and for violation of General Order 56 and this Court's September 28, 2021 order. Additionally, Plaintiff shall file a statement in response to this Order no later than **May 17, 2022**.

**SO ORDERED.**

Dated: April 12, 2022

SUSAN VAN KEULEN
United States Magistrate Judge

2